UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00195-LLK

MISTY MICHELLE HAYES                                                                    PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 16 and 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 10.)

Plaintiff makes two arguments. First, she argues that she is disabled because her mental impairments satisfy Listings 12.02, 12.04, 12.06 and/or 12.15. (Docket # 16 at 6-10.) Second, she argues that she is disabled because, if employed, her migraine headaches would result in an unacceptable rate of absenteeism from the job and her mental impairments would result in an unacceptable rate of absenteeism from the job site (i.e., frequent, unscheduled breaks). (*Id.* at 10-11.)

Because Plaintiff's arguments are not persuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, this Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's findings regarding Plaintiff's mental impairments

The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, mental impairments: post-traumatic stress disorder (PTSD), mood and anxiety disorders, attention deficit hyperactivity disorder (ADHD), polysubstance dependence, and antisocial personality disorder. (Administrative Record (AR) at 17.)

1

In May 2015, Plaintiff was examined at the request of the Commissioner by licensed clinical psychologist Lisa M. King, Psy.D. Dr. King found, among other things, that Plaintiff's mental impairments result in "marked" limitations in two functional areas, i.e., Plaintiff's abilities to tolerate stress and pressure of day-to-day employment and to respond appropriately to supervisors and coworkers in a work setting. (AR at 1030.)

In October 2015, in light of Dr. King's findings[1] and the record as a whole, the Commissioner's non-examining program psychologist Ed Ross, Ph.D., completing the standard Mental Residual Functional Capacity Assessment form. (AR at 136-38.) Dr. Ross found that Plaintiff is "not significantly limited" or "moderately" limited in every area except that she has a "marked" limitation in her ability to interact appropriately with the general public. (AR at 137.)

The ALJ gave "significant weight" to Dr. Ross' findings and "some weight" to Dr. King's findings. (AR at 21-22.)[2] In this regard, the ALJ noted that Dr. King found that Plaintiff's prognosis is good if she participates in mental health treatment and that Dr. King cautioned that some test results should be interpreted with caution because Plaintiff may have been attempting to portray herself as more impaired than she actually is. (AR at 21 referencing AR at 1029, 1031.)

**Substantial evidence supports the ALJ's finding that**
**Plaintiff's mental impairments do not satisfy Listings 12.02, 12.04, 12.06 and/or 12.15.**

Plaintiff's first argument is that she is disabled because her mental impairments satisfy the clinical criteria of Listings 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar and related disorders) and/or 12.06 (anxiety and obsessive-compulsive disorders) of Appendix 1 of the regulations (the so-called Listing of medical impairments). (Docket # 16 at 6-10.) Additionally, Plaintiff argues that the ALJ erred in

---

[1] Dr. Ross specifically considered Dr. King's findings and gave "little weight" to Dr. King's findings of two "marked" limitations. (AR at 133.)
[2] In April 2013, psychologist Thomas Muehleman, Ph.D., examined Plaintiff in connection with a prior application for benefits. (AR at 760-64.) The ALJ gave Dr. Muehleman's opinions no weight because they were given "prior to the current application for benefits and the undersigned has not reopened the prior application." (AR at 23.)

failing to consider whether her mental impairments satisfy Listing 12.15 (trauma- and stressor-related disorders). In keeping with the positions of the parties, the Court will focus on the issue of whether Plaintiff's mental impairments satisfy the so-called paragraph B criteria of Listings 12.02, 12.04, 12.06 and 12.15. The paragraph B criteria of the Listings are identical.[3]

The paragraph B criteria are satisfied if Plaintiff proves she has "extreme limitation of one, or marked limitation of two, of the following areas of mental functioning":

1. Understand, remember, or apply information

2. Interact with others

3. Concentrate, persist, or maintain pace

4. Adapt or manage oneself

Listings 12.02, 12.04, 12.06 and 12.15, Regulations, Appendix 1. The ALJ found that Plaintiff is "moderately" limited in all four areas. (AR at 18.)

Plaintiff's argument is unpersuasive because Plaintiff has not shown that the ALJ erred in giving greater weight to Dr. Ross' findings than to Dr. King's findings. (AR at 21-22.) The form Dr. Ross completed was divided into four broad categories of mental functioning, which correspond to the paragraph B criteria of the Listings. (AR at 136-38.) Each broad category was further divided into sub-categories. Dr. Ross found that Plaintiff has only one "marked" limitation in the sub-category of her ability to interact appropriately with the general public. (AR at 137.) Therefore, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments do not satisfy the paragraph B criteria of the Listings (which require a finding of one "extreme" or two "marked" limitations) if substantial evidence supports the ALJ's decision to prefer Dr. Ross' findings to Dr. King's findings.

---

[3] In other words, the Court will assume for the sake of argument that the other (non-paragraph B) criteria of the Listings are satisfied.

Substantial evidence supports the ALJ's decision to prefer Dr. Ross' findings for three reasons. First, because Dr. King was a one-time examining (as opposed to a treating) source, her opinion was not entitled to controlling weight, and the ALJ was not required to give particularly "good reasons" for the weight assigned to Dr. King's opinion. *See* 20 C.F.R. § 416.927(c)(2).[4] Second, while "[g]enerally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you," 20 C.F.R. § 416.927(c)(1); an ALJ may prefer the non-examining source opinion if it "provides more detailed and comprehensive information than what was available to the individual's treating" or examining source or if it is "more consistent ... with the record as a whole." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013). As indicated above, the ALJ noted that Dr. King found that Plaintiff's prognosis is good if she participates in mental health treatment and that Dr. King cautioned that some test results should be interpreted with caution because Plaintiff may have been attempting to portray herself as more impaired than she actually is. (AR at 21 referencing AR at 1029, 1031.) Additionally, Dr. Ross' opinion explicitly took into account Dr. King's findings and the record as a whole (AR at 133), and the ALJ found that Dr. Ross had "most recently reviewed the evidence of record." (AR at 23.) Third, the relevant factors for weighing non-treating medical source opinions are: supportability, consistency, specialization, and other factors. 20 C.F.R. § 416.927(c)(3)-(6).[5] Plaintiff has not alleged or shown that the ALJ abused her discretion in weighing these factors or that substantial evidence required the ALJ to prefer Dr. King's findings to Dr. Ross' findings.

---

[4] Section 416.927(c)(2) states, in pertinent part: "If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion."

[5] Section 416.927(c)(6) provides that the ALJ should consider "the amount of understanding of our disability programs and their evidentiary requirements that a medical source has," and Section 416.913a(b)(1) provides that non-examining program "psychological consultants [such as Dr. Ross] are highly qualified and experts in Social Security disability evaluation."

While substantial evidence would have supported a different weighing of these factors, the ALJ's weighing was supported by substantial evidence. Therefore, Plaintiff's first argument is unpersuasive. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

**Substantial evidence supports the ALJ's implicit finding that**
**Plaintiff's migraine headaches and mental impairments do not render her unemployable.**

Plaintiff's second and final argument is that she is disabled because, if employed, her migraine headaches would result in an unacceptable rate of absenteeism from the job and her mental impairments would result in an unacceptable rate of absenteeism from the job site (i.e., frequent, unscheduled breaks). (Docket # 16 at 10-11.) The vocational expert (VE) testified that large employers generally tolerate no more than four days per quarter of absences from the job and no frequent, unscheduled breaks away from the job site. (AR at 64-65.)

Plaintiff takes Imitrex for her migraine headaches. (AR at 50.) No medical opinion supports a finding that her migraine headaches and mental impairments would result in a disabling degree of absenteeism.[6] The ALJ found that Plaintiff was prescribed medication to treat her migraine headaches and that treatment notes show her not to have any recent complaints of migraine headaches. (AR at 20.) Therefore, the ALJ implicitly found that, with proper treatment and motivation, Plaintiff's migraine headaches would not necessitate more than four absences per quarter and her mental impairments would not necessitate frequent, unscheduled breaks.

---

[6] Plaintiff's current part-time employer, Bobby Turner, testified that Plaintiff is a nice person but is easily distracted, interacts well with only a few people, does not respond well to supervision, and would require special accommodation from an employer. (AR at 44, 55-58.) Although she mistakenly referred to Mr. Turner as "Bobby Hunter," the ALJ considered Mr. Turner's testimony. (AR at 20.) Generally, the "testimony of lay witnesses [like Mr. Turner] is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians." *Simons v. Comm'r*, 114 F. App'x 727, 733 (6th Cir. 2004) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983)).

In evaluating the intensity and persistence of a claimant's allegations of pain and other subjective symptoms, an ALJ considers the factors listed at 20 C.F.R. § 416.929(c)(3)(i)-(vii).[7] While substantial evidence would have supported a different weighing of these factors, the ALJ's weighing was supported by substantial evidence. Therefore, Plaintiff's second argument is unpersuasive. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

**ORDER**

Because Plaintiff's arguments are not persuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

October 31, 2019

Lanny King, Magistrate Judge
United States District Court

---

[7] The factors are: "(i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms."